IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Criminal No. 13-133 |
| | ) | Judge Nora Barry Fischer |
| DAVID DZERMEJKO, | ) | |
| | ) | |
| Defendant. | ) | |

## TENTATIVE FINDINGS AND RULINGS

On November 7, 2013, Defendant David Dzermejko pled guilty to one count of possession of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(4)(B) at Count One of the Indictment at Criminal Number 13-133. (Docket No. 27). The U.S. Probation Office then prepared a Presentence Investigation Report ("PIR") dated January 28, 2014. (Docket No. 33). Pursuant to the Local Criminal Rules, counsel for the Government and for Defendant each had an opportunity to submit objections to the PIR. On February 2, 2014, Defendant filed his Position With Respect to Sentencing Factors under seal, wherein he objects to various facts contained within the PIR, noting that these facts do not affect the advisory guideline range calculation. (Docket No. 42 at 1–2, ¶¶ 1–6). Additionally, Defendant indicates his intent to request a downward departure or variance due to his medical condition. (*Id.* at 2, ¶ 7). On February 7, 2014, the Government filed its Position with Respect to Sentencing Factors, also under seal, responding to several factual objections Defendant raised, but otherwise making no objections to the advisory guideline calculations contained within the PIR. (Docket No. 45 at 1–2, ¶¶ 1, 3, 4). The Government further requested medical records reflecting Defendant's medical diagnosis, present condition, and required medications so that the

1

Government can respond to Defendant's argument for a variance or departure based upon his medical condition. (*Id.* at 1, ¶ 2). The Probation Office filed an Addendum dated February 20, 2014, responding to the parties' factual objections and providing supplemental information. (Docket No. 47).

On February 26, 2014, this Court entered an Order granting the Government's request for Defendant's medical records, and instructing the parties to meet and confer, and then provide a proposed order as to the scope, format, and process for producing said records. (Docket No. 49). Additionally, the Court ordered that the parties submit Defendant's medical records to the Court with their Sentencing Memoranda, to the extent that the parties will rely on same, in advance of the Sentencing Hearing. (*Id.*).

### I.       Standard of Review for Raising Objections to the PIR

It is Defendant's burden to make "a timely and substantial objection" to the facts set forth in the PIR. *United States v. Morales-Aponte*, 229 F. App'x. 69, 72 (3d Cir. 2007); *see also United States v. Cyr*, 337 F.3d 96, 100 (1st Cir. 2003) ("Generally, a PSR bears sufficient indicia of reliability to permit the district court to rely on it at sentencing. The defendant is free to challenge any assertions in the PSR with countervailing evidence or proffers, in which case the district court is obliged to resolve any genuine and material dispute on the merits. But if the defendant's objections to the PSR are merely rhetorical and unsupported by countervailing proof, the district court is entitled to rely on the facts in the PSR.") (citations and internal quotation marks omitted). Thus, a defendant must both raise an objection to the PIR and support said objection with proper legal authority or evidentiary support. *Id*. If no objection is raised, the Court may rely on the facts set forth in the PIR. *See Morales-Aponte*, 229 F. App'x at 72.

When a factual dispute is properly raised, the Court's initial inquiry with respect to factual disputes is to determine whether the facts are relevant to the disposition of sentencing, as the Court may decline to rule on an asserted factual dispute if the matter will not affect the sentencing. *See* FED. R. CRIM. P. 32(i)(3)(B) (providing that a court may state that a "ruling is unnecessary . . . because the matter will not affect sentencing."). If the disputed matter is deemed to be relevant, the resolution of such factual disputes is governed by the preponderance of the evidence standard. *See United States v. Fisher*, 502 F.3d 293, 304–05 (3d Cir. 2007); *see also* U.S.S.G § 6A1.3, Comm. Notes. ("[U]se of a preponderance of the evidence standard is appropriate to meet due process requirements and policy concerns in resolving disputes regarding application of guidelines to the facts of a case."). Further, "[i]n resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a).

At sentencing, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. The broad scope of evidence to be considered for sentencing purposes includes evidence received after the defendant's conviction. *See Pepper v. United States*, 131 S. Ct. 1229, 1242 (2011) (noting that a district court may receive evidence such that, at the time of sentencing, the court has "the most up-to-date picture [of the defendant's] 'history and characteristics'" for purposes of applying § 3553).

II.     **Parties' Objections to Factual Statements in ¶¶ 7, 35, 59, and 63**

Defendant objects to factual statements contained in the following paragraphs: (1) ¶ 7's statement regarding his activities in Thailand; (2) ¶ 35's statement about his father's cause of death; (3) ¶ 59's statement concerning the value of Defendant's home; and (4) ¶ 63's statement as to Defendant's relationship with Mr. Faiju and Defendant's connection to, and activities in, Asia. (Docket No. 42 at 1–2, ¶¶ 1, 2, 4, 6). Defendant further notes, however, that these objections do not affect the calculation of his advisory guideline range. (*Id.*). In its Position, the Government offers additional information to supplement ¶ 63. (Docket No. 45 at 2, ¶ 3). In response, the PO stands by the PIR's statements in ¶¶ 7, 35, 59, and 63 based on the information obtained during its presentence investigation. (Docket No. 47).

The Court notes that these objections and proffers of additional information do not affect the calculation of the advisory guideline range, and so rulings on same are not presently needed. FED. R. CRIM. P. 32(i); Guideline § 6A1.3. To the extent that the PIR's factual statements potentially affect sentencing, the parties may offer evidence as to their disputes at ¶¶ 7, 35, 59, and 63 with their sentencing memoranda or at the time and place of sentencing.

III.    **Parties' Objections and Additional Information Concerning Defendant's Medical Condition**

Defendant offers information about his medical providers and present medical condition to supplement ¶¶ 44 and 47 of the PIR. (Docket No. 42 at 1, ¶ 3). Further, Defendant indicates that he will argue for a downward departure and/or variance due to his medical condition. (*Id.* at 2, ¶ 7). In its Position, the Government requests all medical records that reflect Defendant's medical diagnosis, present condition, and required medications so that the medical staff of the

Federal Bureau of Prisons can opine as to its ability to provide adequate treatment. (Docket No. 45 at 1, ¶ 2). The PO has attempted to address Defendant's objections in the Addendum. (Docket No. 47 at 2–3).

The Court will not make findings regarding Defendant's medical condition at this time, as they do not affect the advisory guideline range. The Court notes that certain of Defendant's medical records have been provided to Defendant's counsel, but that the Government has not yet been provided with copies of these records. Furthermore, Defendant filed a Motion to Continue Sentencing Hearing on February 25, 2014, in which he indicates that his medical condition remains in flux. (Docket No. 48). The Court subsequently granted both the Government's request for Defendant's medical records and Defendant's Motion to Continue the Sentencing Hearing. (Docket Nos. 49, 50). Consequently, the Court will make further factual findings as to the PIR's description of Defendant's medical condition and the impact of same on the Court's rulings on any motion for departure and/or variance at the time and place of sentencing, after considering any sentencing memoranda in advance of the sentencing hearing, as well as any arguments or evidence the parties intend to present at sentencing. FED. R. CRIM. P. 31(i).

### IV.    Guidelines Calculations

Therefore, the Court makes the following guidelines calculations in accordance with the United States Sentencing Guidelines.[1] The Court notes that after the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines are merely advisory upon this Court. *See also Gall v. United States*, 552 U.S. 38 (2007); *United States v. Tomko*, 562 F.3d 558 (3d Cir. 2009). The Court tentatively finds the following:

---

[1] The Court notes that, pursuant to U.S. Sentencing Guideline § 1B1.11(a), because there is no *ex post facto*

1.      Pursuant to Guideline § 2G2.2(a)(1), Defendant's base offense level is eighteen (18) because he was convicted of one count of possession of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(4).

2.      Pursuant to Guideline § 2G2.2(b)(2), Defendant's base offense level is increased by two (2) levels because some of the images possessed by the Defendant were of prepubescent minors or minors who had not attained the age of 12.

3.      Pursuant to Guideline § 2G2.2(b)(6), Defendant's base offense level is increased by two (2) levels because the offense involved the use of a computer for the possession, transmission, receipt, or distribution of the material depicting the sexual exploitation of minors.

4.      Pursuant to Guideline § 2G2.2(b)(7)(B), Defendant's base offense level is increased by three (3) levels because the offense involved 150 images, but fewer than 300.

5.      Accordingly, Defendant's adjusted offense level is twenty-five (25).

6.      There are no applicable Chapter Four enhancements.

7.      Pursuant to Guideline § 3E1.1(a), Defendant's offense level shall be decreased by two (2) levels because Defendant has entered a guilty plea and demonstrated acceptance of responsibility for his criminal conduct.

8.      Pursuant to Guideline § 3E1.1(b), Defendant's offense level shall be decreased by an additional one (1) level because Defendant timely notified the Government of

---

issue here, the Court applies the Sentencing Guidelines effective on November 1, 2013.  *See* U.S. Sentencing Guideline § 1B1.11(a) ("The Court shall use the Guidelines Manual in effect on the date that the defendant is sentenced").

his intention to plead guilty.

9.      Accordingly, Defendant's total offense level becomes twenty-two (22).

10.     Defendant has zero (0) criminal history points, which, pursuant to the Sentencing

Table at U.S. Sentencing Guidelines, Chapter 5, Part A, results in a criminal

history category of I.

## V.      Potential Sentence

Based on the above guidelines calculations, Defendant is subject to the following

imposition of potential sentence:

1.      *Statutory Provision for Custody*:   Pursuant to 18 U.S.C. § 2252(a)(4)(B),

Defendant is subject to a maximum term of imprisonment of ten (10) years. This

offense is a Class C felony.

*Guideline Provision for Custody*: Pursuant to the U.S. Sentencing Guidelines,

Chapter 5, Part A, based on a total offense level of twenty-two (22) and a criminal

history category of I, the advisory guideline range for imprisonment is 41 to 51

months.

2.      *Impact of Plea Agreement:* None.

3.      *Statutory Provision for Supervised Release*:   Pursuant to 18 U.S.C. § 3583(k),

Defendant is subject to a term of supervised release of not less than five (5) years,

to life.

*Guideline Provision for Supervised Release*:   Pursuant to Guideline § 5D1.2(c),

Defendant is subject to a term of supervised release of not less than five (5) years,

to life. The policy statement at § 5D1.2(b) recommends that the statutory

maximum term of supervision be imposed, as the offense involved is a sex offense.

4.    *Statutory Provision for Probation*:  Pursuant to 18 U.S.C. § 3561(c)(1), Defendant is eligible for a term of not less than one (1) or more than five (5) years' probation. Because this is a felony, absent extraordinary circumstances, a fine, restitution, or community service must be imposed as a condition of probation.

*Guideline Provision for Probation*:  Pursuant to Guideline § 5C1.1(f), Defendant is not eligible for probation because the applicable guideline range is in Zone D of the sentencing table.

5.    *Statutory Provision for Fine*: Pursuant to 18 U.S.C. § 3571(b), Defendant is subject to a maximum fine of $250,000.

*Guideline Provision for Fine*: Pursuant to Guideline § 5E1.2(c)(3), the advisory fine range is from $7,500 to $75,000.

6.    *Mandatory Special Assessment*: Pursuant to 18 U.S.C. § 3013, Defendant is subject to a mandatory special assessment of $100. The Court notes that the special assessment has yet to be paid.

7.    *Statutory Provision for Restitution*: Pursuant to 18 U.S.C. § 2559, restitution shall be ordered.

8.    *Guideline Provision for Restitution:* Pursuant to § 5E1.1, restitution shall be ordered.

8.    *Forfeiture*: The Indictment alleges that the following computer equipment used in the commission of the offense is forfeitable to the Government: Lenovo laptop

8

computer, serial number L3-C1363; Gateway NV79 computer, serial number LXWHH020090132469D1601; Transcend external hard drive, 500 GB, Serial Number 2687861877; and an IPhone, IMEI Number 01342500202816. Pursuant to a motion by the Government, the Court issued a Preliminary Order of Forfeiture as to these items on November 27, 2013 (Docket No. 31). On February 2, 2014, the Government filed a Declaration of Publication, indicating that a notice of forfeiture was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive dates, beginning on December 1, 2013 and ending on January 1, 2014. (Docket No. 46).

**VI.     Conclusion**

The Court will receive evidence including testimony and hear argument regarding these tentative findings and rulings as well as any other motions and responses thereto at the time and place of sentencing in this matter presently scheduled for Friday, April 25, 2014 at 1:00 p.m. Pursuant to the Court's Order dated February 26, 2014 (Docket No. 50), any sentencing memoranda shall be filed by April 9, 2014 and any responses to same shall be filed by April 16, 2014.

_s/ Nora Barry Fischer_
Nora Barry Fischer
United States District Judge

Date:          February 27, 2014

cc/ecf:        All counsel of record
               U.S. Probation Office

9